IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT BRAWLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No.   13-153E |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are cross Motions for Summary Judgment. (ECF Nos. 15 and 17).   Both parties have filed Briefs in Support of their Motions. (ECF Nos. 16 and 18).   After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 15) and denying Defendant's Motion for Summary Judgment. (ECF No. 17).

## I.   BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income pursuant to the Social Security Act ("Act").   Plaintiff filed his application alleging he had been disabled since March 1, 2006.   (ECF Nos. 14-5, p. 2).   Administrative Law Judge ("ALJ"), James J. Pileggi, held a hearing on November 15, 2012.   (ECF No. 14-2, pp. 34-64).   On January 10, 2013, the ALJ found that Plaintiff was not disabled under the Act.   (ECF No. 14-2, pp. 12-27).   After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 15 and 17). The issues are now ripe for review.

## II.     LEGAL ANALYSIS

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

2

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.**     **Whether the ALJ erred in failing to mention or discuss certain test results or opinions**

Plaintiff's first argument is that the ALJ erred in failing to mention or discuss his reasons for rejecting certain test results and opinions. (ECF No. 16, pp. 17-18). Specifically, Plaintiff argues that the ALJ failed to mention, let alone explain, his reason for rejecting his Wide-Range Achievement Testing scores in a test administered by Dr. Bailey, a consulting psychological examiner. *Id.* at 17. Additionally, Plaintiff argues that the ALJ failed to explain why he rejected the consulting physical examiner's, Dr. Kalata's, opinion that Plaintiff could only lift two or three pounds frequently and could only stand or walk up to one hour a day. *Id.* After a review of the evidence, I agree.

While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, he must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r*

*of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008)).   "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'"   *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981).

In this case, the ALJ discusses Dr. Bailey and the majority of Dr. Bailey's records and opinions.   (ECF No. 14-2, pp. 22-24).   The ALJ, however, completely fails to mention that Plaintiff was given the Wide Range Achievement Test and the results of the test. *See,* ECF No. 14-2.   I am unable to tell if the ALJ forgot to include these limitations or if he rejected these test results, which he is entitled to do, but then he must explain his reasoning for doing so, which he did not do. The failure by the ALJ to discuss this probative and relevant medical evidence prohibits me from conducting a proper and meaningful review. Therefore, I find that the ALJ has erred in this regard and remand is required for clarification.

With regard to Dr. Kalata's opinion that Plaintiff could only lift two or three pounds frequently and could only stand or walk up to one hour a day, I find the ALJ did not fail to explain the weight given to the same. *See,* ECF No. 14-2, p. 24.   To be clear, the ALJ acknowledged that Dr. Kalata determined that Plaintiff is capable of lifting and carrying 2-3 pounds frequently and 10 pounds occasionally, standing and walking 1 hour or less.  *Id.*   The ALJ found Plaintiff to be limited to sedentary work.   Sedentary work has been defined to involve "lifting of no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."   20 C.F.R.

§416.967(a). In the end, the ALJ gave "some weight" to the opinion of Dr. Kalata as it was "generally supported by the evidence, and is generally consistent with the record as a whole and was completed by an examining source." (ECF No. 14-2, p. 24). I find this explanation to be sufficient and supported by sufficient evidence. Consequently, I find no error in this regard.

### C.    Whether the ALJ erred in failing to find Plaintiff illiterate

Plaintiff argues that the ALJ erred in failing to find that he is illiterate and subsequently erred in failing to apply the medical vocational guidelines. (ECF No. 16, pp. 18-20). In the case the ALJ found that Plaintiff has a "limited education and is able to communicate in English." (ECF No. 14-2, p. 25). Illiteracy is defined as "the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling." 20 C.F.R. §416.964(b)(1). Limited education means a person has "ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th grade through the 11th grade level of formal education is a limited education." 20 C.F.R. §416.964(b)(3). Between illiterate and limited education, the regulations has defined marginal education as well. 20 C.F.R. §416.964(b)(2). In this case, Plaintiff completed the 8th grade. (ECF No. 14-2, p. 43). There is evidence that the ALJ failed to discuss, however, that may contradict a presumption that Plaintiff's completion of the 8th grade means limited education, namely, the Wide Range Achievement Test results. The results of the Wide Range Achievement Test may or may not impact the ALJ's determination of Plaintiff's education level. Since I have found that the ALJ erred in failing to discuss the Wide Range Achievement Test, I find that I am unable to conduct a proper and meaningful review of the determination of Plaintiff's education level. Therefore, I find that the ALJ has erred in this regard and remand is required for clarification.

5

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT BRAWLEY,                          )
                                        )
            Plaintiff,                  )
                                        )
      -vs-                              )        Civil Action No.   13-153E
                                        )
CAROLYN W. COLVIN,                      )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
            Defendant.                  )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 19th day of May, 2014, it is ordered that Plaintiff's Motion for Summary

Judgment (Docket No. 15) is granted in part and denied in part and Defendant's Motion for

Summary Judgment (Docket No. 17) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby

vacated and the case is remanded for further proceedings consistent with the foregoing opinion.

                              BY THE COURT:

                              s/   Donetta W. Ambrose
                               Donetta W. Ambrose
                               United States Senior District Judge